GREENBERG TRAURIG, LLP
Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
Jeffrey F. Yee (SBN 193123) (yeej@gtlaw.com)
Kamran Salour (SBN 247983) (salourk@gtlaw.com)
2450 Colorado Avenue, Suite 400 East
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiffs
Silverlit Toys Manufactory Ltd. and Spin Master Ltd.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RAIDEN TECHNOLOGY, INC., a California corporation; RAIDENTECH.COM; ZHOBBY.COM, INC., a California corporation; ZHOBBY.COM; EGRANDBUY, INC., a California corporation; EGRANDBUY.COM; EMAX TOYS, INC., a California corporation; EMAXINC.COM; XHELI, INC., a California corporation; XHELI.COM; NITRO MODEL PLANES INC., a California corporation; NITROPLANES.COM; NITRORCX.COM; WONDERHOBBY.COM; GRANDHOBBY.COM; IVAN WU, an individual, d/b/a EMAXINC.COM and ZHOBBY.COM; JUN MA, an individual, d/b/a NITRORCX.COM, NITROPLANES.COM, and XHELI.COM; and XIN WU, an individual, d/b/a WONDERHOBBY.COM,<br><br>Defendants. | Case No: CV09-3181 RGK (Ex)<br><br>**[PROPOSED] ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Judge: Hon. R. Gary Klausner<br>Date: May 8, 2009<br>Place: Courtroom 850<br>Roybal Federal Bldg.<br>255 East Temple Street<br>Los Angeles, CA 90012 |

[PROPOSED] ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION
LA 128,183,685 v.2 070935-011800

Having considered Plaintiffs Silverlit Toys Manufactory Ltd.'s and Spin Master Ltd.'s (collectively, "Plaintiffs") *Ex Parte* Application for A Temporary Restraining Order, Seizure/Impoundment Order, And Order to Show Cause re Preliminary Injunction ("Application"), the supporting Memorandum of Points and Authorities, declarations and other papers filed in this action, the Court finds:

1. Plaintiffs are likely to succeed in showing that Defendants have infringed Plaintiffs' copyrights and trademarks;

2. The sale, distribution, display, and advertising by Defendants RAIDEN TECHNOLOGY, INC., RAIDENTECH.COM; ZHOBBY.COM, INC., ZHOBBY.COM, EGRANDBUY, INC., EGRANDBUY.COM, EMAX TOYS, INC., EMAXINC.COM, XHELI, INC., XHELI.COM, NITRO MODEL PLANES INC., NITROPLANES.COM, NITRORCX.COM, WONDERHOBBY.COM, GRANDHOBBY.COM, IVAN WU, JUN MA, and XIN WU (collectively, "Defendants") of remote-controlled toy cars and helicopters that are substantially similar to Plaintiffs' copyrighted toy cars and helicopters will result in immediate and irreparable injury to Plaintiffs;

3. Plaintiffs' harm from denial of the requested relief would outweigh the harm to Defendants' legitimate interests from granting the relief sought;

4. It is in the public interest to grant the injunctive relief requested.

Based on the forgoing, **IT IS HEREBY ORDERED THAT**:

Defendants RAIDEN TECHNOLOGY, INC., RAIDENTECH.COM; ZHOBBY.COM, INC., ZHOBBY.COM, EGRANDBUY, INC., EGRANDBUY.COM, EMAX TOYS, INC., EMAXINC.COM, XHELI, INC., XHELI.COM, NITRO MODEL PLANES INC., NITROPLANES.COM, NITRORCX.COM, WONDERHOBBY.COM, GRANDHOBBY.COM, IVAN WU, JUN MA, and XIN WU shall appear before this Court in Courtroom 850 at 255 East Temple Street, Los Angeles, California 90012 on May 21, 2009, at 9:00 a.m. and show cause why the Court should not issue a preliminary injunction as follows:

(1) Defendants and their officers, directors, affiliates, agents, employees and attorneys, their successors and assigns and all persons in active concert or participation with any of the Defendants, and all persons, entities, or others in possession or control of their products are hereby temporarily restrained and enjoined from directly or indirectly:

(a) Selling, offering to sell, concealing, transferring, distributing, shipping, transferring or otherwise disposing of the following remote-controlled toy products: (i) the "Mini Remote Control Wall Climber;" (ii) the "Mini Wall Climber," (iii) the "Super Climber," (iv) the "Micro X Copter," (v) the "Air Hogs Mini Helicopter," (vi) the "New 2 CH Mini Radio Control Electric RC Helicopter RTF," (vii) the "Red Spider Micro Palm Size RTF Remote Control 2 CH Indoor," or (viii) any colorable imitations of such products;

(b) Selling, offering to sell, concealing, transferring, distributing, shipping, transferring or otherwise disposing of any remote-controlled toy products that are substantially similar in design and overall appearance to Plaintiffs' AIR HOGS ZERO GRAVITY MICRO Car - Sports Version and AIR HOGS HAVOC HELI helicopter, as depicted in U.S. Copyright Registration No. VA 1-645-947 for a toy car and No. VAu694-351 for a toy helicopter;

(c) Using Plaintiffs' federally registered trademarks, AIR HOGS, AIR HOGS and design, HAVOC HELI, WALL CLIMBER and PICOOZ ("Plaintiffs' Trademarks") in connection with the manufacture, distribution, advertising, offer for sale, or sale of toy products;

(d) Selling, offering to sell, concealing, transferring, distributing, shipping, transferring or otherwise disposing of any remote-controlled toy products that infringe U.S. Copyright Registration No. VA 1-645-947 for a toy car and No. VAu694-351 for a toy helicopter;

(e) Selling, offering to sell, concealing, transferring, distributing, shipping, transferring or otherwise disposing of any toy products that bear Plaintiffs' Trademarks.

1  (2)  The Court finds that in accordance with Rules 65 of the Federal Rules of
2 Civil Procedure, Defendants, and their agents, servants, employees, and any other person
3 in active concert or participation with them, who receive actual notice of this order by
4 personal service or otherwise, are temporarily restrained and enjoined from directly or
5 indirectly:

6  (a)  Selling, offering to sell, concealing, transferring, distributing, shipping,
7 transferring or otherwise disposing of the following remote-controlled toy products: (i)
8 the "Mini Remote Control Wall Climber;" (ii) the "Mini Wall Climber," (iii) the "Super
9 Climber," (iv) the "Micro X Copter," (v) the "Air Hogs Mini Helicopter," (vi) the "New
10 2 CH Mini Radio Control Electric RC Helicopter RTF," (vii) the "Red Spider Micro
11 Palm Size RTF Remote Control 2 CH Indoor," or (viii) any colorable imitations of such
12 products;

13  (b)  Selling, offering to sell, concealing, transferring, distributing,
14 shipping, transferring or otherwise disposing of any remote-controlled toy products that
15 are substantially similar in design and overall appearance to Plaintiffs' AIR HOGS
16 ZERO GRAVITY MICRO Car - Sports Version and AIR HOGS HAVOC HELI
17 helicopter, as depicted in U.S. Copyright Registration No. VA 1-645-947 for a toy car
18 and No. VAu694-351 for a toy helicopter;

19  (c)  Using Plaintiffs' federally registered trademarks, AIR HOGS, AIR
20 HOGS and design, HAVOC HELI, WALL CLIMBER and PICOOZ ("Plaintiffs'
21 Trademarks") in connection with the manufacture, distribution, advertising, offer for sale,
22 or sale of toy products;

23  (d)  Selling, offering to sell, concealing, transferring, distributing,
24 shipping, transferring or otherwise disposing of any remote-controlled toy products that
25 infringe U.S. Copyright Registration No. VA 1-645-947 for a toy car and No. VAu694-
26 351 for a toy helicopter;

3
[PROPOSED] ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION
LA 128,183,685 v.2  070935-011800

1          (e)    Selling, offering to sell, concealing, transferring, distributing, shipping, transferring or otherwise disposing of any toy products that bear Plaintiffs' Trademarks.

        (3)    Defendants' inventory of "Mini Remote Control Wall Climber", "Mini Wall Climber", "Super Climber," "Micro X Copter", "Air Hogs Mini Helicopter", and any products that are substantially similar to Plaintiffs' Zero Gravity Wall Climber, Zero Gravity Micro Wall Racer, Havoc Heli, and Picooz located at 13240 Amar Road, City of Industry, California 91746; 9648 Alpaca Street, South El Monte, California 91733; and any other location where such inventory is located shall be seized and impounded;

- To effect this impoundment, any United States Marshal, federal law enforcement officer, state police, local police, local sheriffs or deputy sheriffs, off-duty officers of the same and persons acting under their supervision (collectively, "Authorized Officers") are hereby authorized to impound the inventory, as identified hereinabove, located at 13240 Amar Road, City of Industry, California 91746; 9648 Alpaca Street, South El Monte, California 91733, and any other location where such inventory is located during regular business hours after the date of this Order;
- Representatives of Plaintiffs may accompany the U.S. Marshal, law enforcement officers, or Authorized Officers to the impoundment;
- The impoundment ordered herein may be photographed and/or videotaped by Plaintiffs' attorneys and/or representatives for the purpose of authenticating and assisting in the obtaining of evidence and to prevent any controversy regarding the activities and events occurring during said impoundment;
- The Authorized Officers are authorized and shall employ whatever reasonable force is necessary to effect, carry out, and execute this Order. Plaintiffs shall hold the Authorized Officers harmless for any liability related to or that may be imposed upon execution of this Order; and

4

- Anyone interfering with the execution of the impoundment is subject to arrest by the Authorized Officer or other law enforcement personnel.
- The above seizure shall take place and service of this Order together with the Summons and Complaint, shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized, and that such service shall be made and seizure shall take place within 7 court days from the date of this Order or at such time as may be extended by this Court; and
- Plaintiffs' counsel shall file with the Court within 10 court days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and description thereof, and where the goods and/or other materials are stored.

3) Plaintiffs shall post security in the sum of $100,000 within 7 days of the date of this Order.

**IT IS SO ORDERED**

Dated: MAY 1 2 2009

*/s/ Gary Klausner*

Honorable R. Gary Klausner
Judge of the United States District Court

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: _____
VALERIE W. HO
Attorneys for Plaintiffs
Silverlit Toys Manufactory Ltd. and Spin Master Ltd.

5

[PROPOSED] ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

LA 128,183,685 v.2 070935-011800